# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TIWUANA CROWDER, o/b/o R.C., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Case number 4:13cv1099 JCH<br>) TCM |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | )<br>)<br>) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This is an action under 42 U.S.C. § 405(g) for judicial review of the final decision of Carolyn W. Colvin, the Acting Commissioner of Social Security (Commissioner), denying the application of Tiwuana Crowder, filed on behalf of her son, R.C. (Plaintiff), for supplemental security income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. § 1381-1383b. The Commissioner has moved to dismiss the action as untimely.

The case was referred to the undersigned United States Magistrate Judge for a review and recommended disposition pursuant to 28 U.S.C. § 636(b).

The following relevant dates are undisputed. The Administrative Law Judge denied Plaintiff's application on February 14, 2012. (See Herbst Decl. ¶ 3(a) and Ex. 1, ECF No. 12-1.) The Appeals Council denied his request for review of that decision on April 5, 2013. (Id. ¶ 3(a) and Ex. 2.) This notice was mailed to Ms. Crowder and to her attorney. (Id.)

The complaint seeking judicial review of that decision was filed on June 11, 2013 – sixty-seven days after the Appeals Council's decision.

Section 405(g) provides for review of a final decision of the Commissioner "by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." There is no suggestion that Ms. Crowder sought additional time. Consequently, her complaint had to be filed within the sixty-day period.

"The promulgated regulations, however, are more lenient and provide that a civil action must be commenced within sixty days after notice of the Appeals Council decision 'is received by the individual.'" **Bess v. Barnhart**, 337 F.3d 988, 989 (8th Cir. 2003) (per curiam) (citing, inter alia, 20 C.F.R. § 416.1481 ("You may file an action in a Federal district court within 60 days after the date you receive notice of the Appeals Council's decision.")). "The regulations further provide that receipt of notice of the Appeals Council decision is presumed five days after the date of notice, unless there is a reasonable showing to the contrary; and that notice sent to the individual's representative has the same force and effect as notice sent to the individual." **Id.** at 989-90 (citing, inter alia, 20 C.F.R. § 416.1401 ("Date you receive notice means 5 days after the date on the notice, unless you show us that you did not receive it within the 5–day period."); 20 C.F.R. § 416.1515(b) ("A notice or request sent to your representative will have the same force and effect as if it had been sent to you.")). Under this presumption, Plaintiff's complaint was filed two days too late.

Plaintiff argues that he has made "a reasonable showing" that neither he nor his attorney received notice of the Appeals Council's decision within the five-day period.[1] (Pl. Resp. at 2-3, ECF No. 13.) Specifically, as is done in his attorney's office as a matter of routine, the notice was date-stamped when received, April 12, 2013.[2] (Courtney Decl. ¶¶ 1, 5, ECF No. 13-1.) Attached to the case administrator's supporting declaration is a copy of the notice with a "Received" date stamp of April 12, 2013. (Courtney Decl. Ex. 2 at 5, ECF No. 13-2.) And, although Ms. Crowder does not recall when she received the notice, she has "no reason to believe that [she] would have received the Notice any earlier than [her] attorney did." (Crowder Decl. ¶ 4, ECF No. 13-5.)

The Commissioner does not dispute that, as a matter of routine, the notice was stamped April 12, 2013, on the day when it was received in the attorney's office.

In **Pettaway ex rel. Pettaway v. Barnhart**, 233 F.Supp.2d 1354 (S.D. Ala. 2002), the date-stamp on the Appeals Council's notice was six days after the date of the notice. **Id.** at 1355, 1357. The court held that, in addition to counsel's averment of when the notice was received, evidence of a date-stamped copy of the notice was sufficient to rebut the presumption that the notice was received one day earlier, or five days after the date of the notice. **Id.** at 1358. Also supportive of claimant's counsel averment was the showing of "an office practice of date-stamping materials on the day received." **Id.** at 1359. Holding that

---

[1]Plaintiff does not argue that equitable tolling is justified in his case. See **Bowen v. City of New York**, 476 U.S. 467, 480 (1986) (time limit of § 405(g) is subject to "traditional equitable tolling principle") (internal quotations omitted).

[2]The Court notes that April 12, 2013, was a Friday.

the plaintiff's burden of rebutting the five-day presumption "is not to make an impregnable showing but only a reasonable one," the court noted that "a short delay is generally more plausible than a long one." **Id.** at 1358, 1359. Similarly, in **McLaughlin v. Astrue**, 443 F.App'x 571, 574 (1st Cir. 2011) (per curiam), the court held that an attorney's submission of a copy of an Appeals Council's April 16, 2010, notice that had been date-stamped April 30, 2013, by the law firm's office personnel was a sufficient showing to rebut the five-day presumption. Cf. **Garcia v. Comm'r of Soc. Sec.**, 53 F.App'x 192, 194-95 (3rd Cir. 2002) (holding that plaintiff had not rebutted the five-day presumption by affidavits stating that claimant and his attorney had not received the Appeals Council's notice for *at least eight months*); **Skyles v. Astrue**, 2009 WL 2382357, *1-2 (E.D. Mo. July 30, 2009) (similar holding as to judicial review sought at *least three years* after Appeals Council's decision).

In the instant case, Plaintiff has made an unchallenged showing that the Appeals Council's notice was received seven days after the date of the notice. His request for judicial review having been filed within sixty days of the date he received the notice is, therefore, timely.

Accordingly, for the foregoing reasons,

**IT IS HEREBY RECOMMENDED** that the motion of the Commissioner to dismiss this action as untimely filed be DENIED [Doc. 12] and that the Commissioner be ordered too file her answer and transcript of the record within thirty days.

The parties are advised that they have **fourteen days** in which to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1), unless

an extension of time for good cause is obtained, and that failure to file timely objections may result in waiver of the right to appeal questions of fact.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  9th  day of October, 2013.